IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JORGE HUGHES,**                   :
                                    :
    **Plaintiff**           :   CIVIL NO. 1:CV-06-01304
                                    :
    v.                      :   (Judge Rambo)
                                    :
**K. F. HOGSTEN,**                  :
                                    :
    **Defendant.**          :

## MEMORANDUM AND O R D E R

### I. Background

Plaintiff, Jorge Hughes, an inmate currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi, filed this *Bivens*-styled[1] civil rights action pursuant to 28 U.S.C. § 1331 on July 3, 2006. (Doc. 1.) In the complaint, Plaintiff asserts claims of inadequate medical care for back pain, a hernia, a cyst on his testicle, and liver and kidney problems. Named as the sole defendant is Karen Hogsten, the warden of the Federal Correctional Institution at Allenwood, Pennsylvania ("FCI-Allenwood").[2]

---

[1] *Bivens v. Six Unknown Named Agent of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] At all relevant times, Plaintiff was incarcerated at FCI-Allenwood.

On August 31, 2006, the court granted Plaintiff's motion to supplement the record with a number of medical reports relating to his injuries and requests for administrative remedies filed by Plaintiff. (Doc. 11.) After receiving an extension of time in which to respond to the complaint, (*see* Doc. 16), on December 29, 2006, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 19.) Plaintiff objected to the motion to dismiss, (*see* Doc. 25), but also filed a motion for leave to amend the original complaint. (Doc. 24.) Consequently, presently before the court is Defendant's motion to dismiss (Doc. 19), as well as Plaintiff's motion for leave to amend the complaint. (Docs. 24 & 29.) For the reasons that follow, the motion to dismiss will be denied as moot because Plaintiff's motion for leave to amend will be granted.

**II.   Discussion**

**A.   Motion to Dismiss**

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Additionally, the court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a

motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* In other words, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g., Weston v. Pennsylvania*, 251 F.3d 420, 429 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

In her motion to dismiss, Defendant argues that the complaint should be dismissed because Plaintiff has failed to allege any personal involvement by Defendant in violating any of Plaintiff's constitutional rights, and Defendant cannot be held liable solely on the basis of respondeat superior. The court agrees that on the basis of respondeat superior, Defendant is subject to dismissal from this action.

It is well established that civil rights claims cannot be premised on the theory of respondeat superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72(1976) (relating to claim under 42 U.S.C. § 1983, but also applicable to *Bivens* actions); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Liability cannot be based solely on the basis of a defendant's supervisory capacity. The plaintiff must allege that the official had knowledge of or acquiesced in any purported acts of constitutional mistreatment. *See Rode*, 845 F.2d at 1207.

Plaintiff names Warden Hogsten as the sole defendant in this action. Other than being listed in the caption of the complaint, Plaintiff does not mention Defendant or assert any specific claims against her. Clearly Defendant has been included by

4

Plaintiff as a defendant due to her official and supervisory role.  He does not allege that she had any personal knowledge of the incidents which allegedly took place in this case or acquiesced in them.  However, while the court agrees that Defendant is not a properly named party in the instant action, the complaint is curable with an amendment.[3]  As a result, the motion to dismiss will be denied as moot.

### B. Motion for Leave to Amend the Complaint

Once a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  Whether to grant or deny the motion is within the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In general, courts liberally permit parties to amend their pleadings. *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984); *Cornell & Co., Inc. v. Occupational & Safety Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

Despite this general liberality, the Supreme Court has enumerated specific factors that may justify the denial of leave to amend. *See Foman*, 371 U.S. at 182. These factors include "(1) the moving party has demonstrated undue delay, bad faith

---

[3] Because the court will grant Plaintiff's motion for leave to amend the complaint, the remaining grounds for dismissal in Defendant's motion will not be addressed.

or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003). Denying leave to amend where none of these factors are present is an abuse of discretion. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co.*, 573 F.2d at 823.

In the instant case, in the interests of justice to this *pro se* litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff will be granted the opportunity to file an amended complaint attempting to state an actionable *Bivens* claim against a named defendant or defendants. He will be afforded twenty (20) days from the date of this Order within which to file a proper amended complaint. In preparing his amended complaint, Plaintiff is advised that Federal Rule of Civil Procedure 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff.  "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."  *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, it must establish the existence of actions by defendants which have resulted in constitutional deprivations.  *E.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).[4]

As previously stated, Plaintiff will be afforded twenty (20) days within which to submit his amended complaint which satisfies Rule 8.  Failure to submit an amended complaint which complies with the directives set out herein may result in dismissal of the complaint.

---

[4] The docket in this case indicates that Plaintiff may be intending to pursue this matter under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*., as well as under *Bivens*.  (*See* Doc. 26.)  Plaintiff is reminded that if he is doing so, the amended complaint must set forth specific facts relating to both those claims.

7

AND NOW, this 8th day of May, 2007, IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendant's motion to dismiss (Doc. 19) is denied as moot.

2. Plaintiff's motions for leave to amend the complaint (Docs. 24 & 29) are granted. Plaintiff is hereby granted leave to file an amended complaint as prescribed by the court herein on or before May 29, 2007.

3. Failure to timely file an amended complaint may result in a dismissal of the action.

                                                        s/Sylvia H. Rambo
                                                        SYLVIA H. RAMBO
                                                        United States District Judge